ALBANY,
Feb. 1824.

The People
v.
Supervisors of
Cayuga.

THE PEOPLE *against*.THE SUPERVISORS of the Coun
ty of CAYUGA.

An order re-
moving a pau-
per, appealed
from, and a-
bandoned by
the town who
remove, who
consent to
take back the
pauper without
trying the ap-
peal, is not
conclusive as
between that
town and the
county.

The latter
is not protect-
ed by it from
maintaining
the pauper as
one having no
residence in
the state.

Where a ma-
gistrate makes
an order to
maintain a
.pauper as a
non-resident of
this state, and
unable to be
removed, this
it seems is
conclusive up-
on the board
of supervisors.

AN alternative mandamus had issued to the defendants
commanding them to allow to the overseers of the poor of
the town of Aurelius, in the county of Cayuga, the expen-
ses of supporting four paupers, which were claimed to be a
proper county charge, on the ground that they had no set-
tlement in this state.

In their return, the defendants, without denying that the
expenses had been properly incurred under the order of a
magistrate, pursuant to the 25th section of the act for the
relief and settlement of the poor, (1 .R. L. 287, 8,) stated
that the overseers of the poor of Aurelius, had procured an
order for the removal of the paupers to the town of Farming-
ton, in the county of Ontario, as their place of legal settle-
ment, which order was executed by a removal of the pau-
pers to the latter place ; that the overseers of Farmington
having appealed from this order to the General Sessions of
the Peace of Cayuga, the overseers of Aurelius took back
the paupers, and supported them, but neglected to try the
appeal ; that they rejected the application of the overseers
of Aurelius, on the ground that until the order of removal
was reversed, the paupers must be adjudged legally settled
in Farmington.

The return also stated that a second application to the
Supervisors, to allow the expense of these paupers, had been
rejected, not only upon the ground above stated, but also on
the ground that one E. a convict in the state prison, had
been examined on oath, before the justice, and swore that
the paupers had no fixed place of settlement or legal resi-
dence.

On this return it was submitted whether a peremptory
mandamus should go.

*Per Curiam.* The first question upon the return is,
whether the order, which was withdrawn, is to be deemed
conclusive as to the settlement of these paupers.

Whatever the effect might be as between Aurelius and Parmington, there cannot be a doubt as between Aurelius and the county. Here was an order of removal, which the parties abandoned by mutual consent. It was like a party's giving up a judgment intended for his own benefit. As to third parties, it threw the question entirely open, to be settled upon its merits whenever it should arise; and this was so held in *Rex* v. *Inhabitants of Llanrhydd*, (Burr. Sett. Cas. 658.) The order was *deserted*.

Whether the convict was or was not examined, does not appear from the return to have been material. For aught that appears, there was other and competent evidence on the subject, and we will intend that there was such evidence till the contrary appears. Besides, could the question be raised collaterally, by the board of Supervisors? It had been passed upon by a magistrate. Could his adjudication be questioned till regularly set aside? This we are by no means prepared to accede.

The return is insufficient, and a peremptory mandamus must go.

Rule accordingly.